UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CYRUS Y. KIM,

               Plaintiff(s),

      v.

TARGA REAL ESTATE SERVICE, INC. CITY
OF FEDERAL WAY, ABT TOWING OF
FEDERAL WAY, INC., and JUDGE MICHAEL
HEAVEY,

               Defendant(s).

NO. C07-358P

ORDER OF DISMISSAL

On April 19, 2007, this Court issued an Order to Show Cause to Plaintiff (Dkt. No. 2),
requiring him to show cause why the complaint in this case should not be dismissed on the following
grounds:

     1.     Statute of limitations

     2.     Res judicata and collateral estoppel

     3.     Judicial immunity

Plaintiff was ordered to file a response, not exceed 12 pages in length, by no later than May 11,
2007.  What Plaintiff filed instead was an Amended Complaint (Dkt. No. 4), against all of the original
defendants, stating (in some instances, re-stating) the original grounds for his complaint.

IT IS HEREBY ORDERED that the complaint in the above-entitled case is DISMISSED with
prejudice.

**Discussion**

The Court finds that Plaintiff has failed to show cause why his complaint should not be
dismissed on multiple grounds:

**ORDER OF
DISMISSAL - 1**

**Statute of limitations**

Plaintiff brings his action pursuant to 42 U.S.C.A. 1983.  Complaint, p. 1, § I.A (Dkt. No. 1). That statute contains no statute of limitations and the Supreme Court has held that federal courts should look to the forum's state law statute of limitations for personal injury claims.  Wilson v. Garcia, 471 U.S.  261, 268-271 (1985); Jones v. Vlanas, 393 F.3d 918 (9th Cir. 2004).  RCW 4.16.080(2) provides for a three-year statute of limitations in personal injury claims in Washington and controls this § 1983 claim.  Rose v. Rinaldi, 654 F.2d 546, 547 (9th Cir. 1981).

Plaintiff filed this action on March 9, 2007.  All the complained-of actions (with the exception of the dismissal of his second state court action; see "Judicial immunity" infra) occurred in October and November of 2000.  Complaint, pp. 2-8, §§ III-IV; Exh. Nos. 5 and 7).  Plaintiff has plead no factors which would toll the statute of limitations and provided no theory in response to the Court's Order to Show Cause as to why the lapse of nearly 7 years is not fatal to his claims.  The Court finds that all Plaintiff's claims regarding the impound of his vehicle, the impound hearing and the sale of his vehicle pursuant to that hearing are barred as falling outside the statute of limitations.

**Res judicata/collateral estoppel**

By the Court's count (based on the allegations of Plaintiff's complaint) this is the seventh lawsuit Plaintiff has filed regarding the loss of his vehicle in 2000.  In only one case, however, has he named the same parties (with the exception of Judge Heavey) whom he has attempted to sue again in this action: Case No. 06-2-35221-1 KNT, filed "against Targa, City of Federal Way, and ABT [T]owing for seeking relief of the equivalent value of $501,850.00 of lost personal properties." Complaint, p. 5.

Collateral estoppel will apply to bar a suit where (1) the issue at stake in the present litigation is identical to the one involved in the prior litigation, (2) the issue at stake has actually been litigated in the prior suit, (3) the determination of the issue in the prior litigation was a critical and necessary part

**ORDER OF DISMISSAL - 2**

of the judgment in that action and (4) the party against whom the earlier decision is asserted had a full and fair opportunity to litigate the issue in the previous proceeding.  I.A. Durbin, Inc. v. Jefferson National Bank, 793 F.2d 1541, 1549 (11th Cir. 1986).  While the Court does not have the state court complaint before it, the fact that the (non-judicial) defendants are identical and the amount of damages sought is identical to that sought here (Complaint, p. 12, § V.1) creates a strong presumption that Plaintiff is in fact attempting to litigate the identical issues a second time.  The Court takes judicial notice of the Order for Dismissal in the state court action (Complaint, Exh. No. 8) and further notes that Plaintiff has made no assertion (in response to the Order to Show Cause) that he was not afforded a "full and fair opportunity to litigate the issue in the previous proceeding."

Res judicata refers to the preclusive effect of a judgment regarding matters which have been previously litigated.  The doctrine comes into effect when (1) the first action resulted in a final judgment on the merits, (2) by a court of competent jurisdiction, (3) against either identical parties or parties in privity with the original parties and (4) concerning identical causes of action.  I.A. Durbin, supra at 1549.  Again, despite being offered an opportunity to dispute that these elements are applicable to his federal lawsuit, Plaintiff filed nothing to the contrary.

**Judicial immunity**

Judge Heavey presided over the above-cited state action and signed the order dismissing that action.  Complaint, Exh. No. 8.  Plaintiff's complaint alleges that the dismissal of his state litigation somehow constituted misconduct by Judge Heavey.  This is not a proper basis for a lawsuit.

Judges are entitled to absolute immunity from liability in lawsuits brought against them for actions taken in performing their judicial functions.  See, e.g., Mireles v. Waco, 502 U.S. 9, 11 (1991); Dennis v. Sparks, 449 U.S. 24, 27 (1980).  Nowhere in his complaint or his proffered amended complaint does Plaintiff cite to any statutory or case authority providing an exception to the bar of judicial immunity in this case.

**ORDER OF DISMISSAL - 3**

1    **Amended Complaint**

2           Plaintiff was invited, by an Order to Show Cause, to respond and explain why his matter

3    should not be dismissed.  Rather than file a legal brief defending his claims, he chose to file an

4    Amended Complaint (Dkt. No. 4).  This document completely fails to address any of the issues raised

5    in the Order to Show Cause.  For the most part it is identical to his original complaint.  In his section

6    concerning Judge Heavey (Amended Complaint, pp. 8 - 11), Plaintiff goes into greater detail about

7    why Judge Heavey's actions in dismissing his state court litigation were "unconstitutional," but

8    nowhere does he assert a recognized exception to the judicial immunity doctrine.  And, as noted

9    above, there is nothing in the revised pleading to indicate why the statute of limitations should not act

10   to bar all his claims from 1999 and 2000.

11          The Court finds that further amendment to this complaint would be futile, and Plaintiff will not

12   be permitted to revive by further amendment a case that is fatally flawed.

13                                              **Conclusion**

14          Plaintiff's claims regarding the loss of his vehicle and associated personal property through the

15   impound process are time-barred.  His cause of action against the state judicial officer who dismissed

16   his last state court lawsuit is subject to dismissal on the grounds of judicial immunity.  Additionally, it

17   appears that his present lawsuit is vulnerable to claims of collateral estoppel and res judicata.

18          Plaintiff's claims are hereby DISMISSED with prejudice.

19          The clerk is directed to provide copies of this order to all counsel of record.

20          Dated:  May _16__, 2007

21

22                                              Marsha J. Pechman
                                               U.S. District Judge
23

24

25

26   **ORDER OF**
     **DISMISSAL - 4**